## C. ROBINSON V. THE STATE.

1. An indictment for swindling, founded on Article 2426, Paschal's Digest, need not charge that the offense was committed feloniously or with a felonious intent.

2. This court reprehends the practice of resorting to criminal prosecutions for the gratification of private malice or in order to enforce payment of a pecuniary demand; and district attorneys are admonished of their duty in such cases.

APPEAL from the Criminal Court of the city of San Antonio. Tried below before the Hon. Thos. M. Paschal.

The appellant, on the faith of his representation that B. F. Ficklin owed him $100 or more, borrowed five dollars from one Weber, with whom he was boarding for the time being. Ficklin told Weber that he owed the appellant nothing, and on being so informed Weber had the appellant arrested for swindling. The appellant then went with Weber and the officer to see Ficklin, and still claimed to be entitled to $100 or more from him.

The appellant was convicted by a jury, and two years in the penitentiary were assessed as his penalty.

*John R. Shook* and *D. Y. Portis*, for the appellant.

Statement of the case.

No brief for the State has reached the Reporter's hands.

WALKER, J.—An indictment for swindling, under the law of this State, as defined in Article 2426, need not charge that the offense was committed feloniously or with a felonious intent.

The indictment in this case is good, but we cannot say so much for the evidence. It is apparent that this is another one of those cases where the criminal court has been resorted to for the purpose of gratifying private malice, or forcing the collection of a very small debt.

If grand jurors will prefer such indictments, the courts and district attorneys should take care that in the midst of these frivolous prosecutions they neglect not the weightier matters of the law.

The judgment below is reversed and the cause dismissed.

Reversed and dismissed.